12 N. E. 286. Section 3 of the employers' liability act (Laws 1902, p. 1748, c. 600) is not in the way of a reversal of the judgment. Wilson v. New York Mills, 107 App. Div. 99, 94 N. Y. Supp. 1090; Vaughn v. Glens Falls Portland Cement Co., 105 App. Div. 136, 93 N. Y. Supp. 979.

Judgment reversed, and new trial ordered; costs to abide the event. All concur, except HOOKER, J., who dissents.

(51 Misc. 668)

## WEILLER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. November 14, 1906.)

1. APPEAL—RECORD—EVIDENCE.

Where the trial court dismissed the complaint after the defendant had introduced some evidence, the defendant's evidence should be included in the record on appeal.

2. CARRIERS—INJURIES TO PASSENGER—QUESTION FOR JURY.

In an action for injuries to a passenger in alighting from a car, evidence *held* to require submission of the case to the jury.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Annie Weiller against the New York City Railway Company. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Emanuel J. Livingston, for appellant.

James L. Quackenbush, for respondent.

PER CURIAM. It is claimed by appellant that when plaintiff rested defendant moved to dismiss, that the court reserved decision, that thereupon defendant called a witness who gave some testimony, and that thereafter the trial justice dismissed the complaint. The testimony, if any, of the witness called by defendant, does not appear in the record; but there is in the record a statement by the justice that the dismissal was before "the completion of testimony for the defendant." The testimony of this witness, if there was any, should have appeared in the record, as plaintiff was entitled to have it considered by the justice in passing upon the motion to dismiss; for it was the case as it stood when the motion was granted that should have been considered upon the dismissal. It may well have been that the testimony of a witness called by defendant aided plaintiff in making out her case.

It seems that the dismissal cannot be sustained upon the evidence offered in plaintiff's behalf. The witness Whim testified:

"I noticed she motioned the conductor to stop the car, and he rang the bell, and then the car stopped, and she put one foot on the step and one foot on the street, and before she had a chance to get off the car started, and she was dragged about half a block."

This evidence, with that of the plaintiff, was sufficient to have required the submission of the case to the jury.

The judgment will be reversed, and a new trial ordered, with costs to appellant to abide the event.